UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK GRAY, Individually and for
all Others Similarly Situated,

        Plaintiffs,

v.

WALBRIDGE ALDINGER, LLC,

        Defendant.
_____/

Case No. 2:23-cv-11672

Honorable Susan K. DeClercq
United States District Judge

Honorable David R. Grand
United States Magistrate Judge

**OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 52) AND AFFIRMING ORDER (ECF No. 47)**

Plaintiff Patrick Gray has filed an objection to the Magistrate Judge's order on Gray's motion to compel discovery. A hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objection will be overruled because the Magistrate Judge's order contains no clear error.

**I.**

On July 12, 2023, Gray, a Safety Engineer, filed his complaint against Walbridge Aldinger LLC (Walbridge), alleging violations of the Fair Labor Standards Act (FLSA). ECF No. 1. Specifically, he alleges that Walbridge misclassified its straight time employees as exempt from overtime, ECF No. 1 at PageID.2, and "failed to pay him and its 'straight time' employees overtime compensation" as required by the FLSA. ECF No. 24 at PageID.145.

To determine whether he and other Walbridge employees are similarly situated, Gray sent discovery requests to Walbridge, seeking information relating to potential plaintiffs, defined as "any and all current and former Walbridge employees who were paid their straight time hourly rate for any overtime hours worked during the past 3 years . . . even if [Walbridge] contend[s] they were paid on a salary basis." ECF No. 24-1 at PageID.172. Unsatisfied with Walbridge's responses, Plaintiff filed a motion to compel discovery, requesting that the Court order Walbridge "to fulfill its discovery obligations by supplementing its answers and production, and providing withholding statements, a privilege log, and a verification for its interrogatory answers." ECF No. 24 at PageID.137.

Magistrate Judge David R. Grand held a hearing on the motion to compel on July 29, 2024. ECF No. 50. After the hearing, Judge Grand entered an order granting in part and denying in part the motion to compel. ECF No. 47. Specifically, Judge Grand ordered that Walbridge produce (1) pay and time records for Walbridge's Safety Engineers for the past three years, including any offer letters and communications as to compensation for each; (2) certification that a good-faith search has been performed for emails referencing Plaintiff's compensation and production of any non-privileged emails fitting this description; (3) supplemental responses containing appropriate certifications and withholding statements; (4) a privilege log; and (5) supplemental responses regarding Walbridge's good-faith and

willfulness defenses. *Id.* at PageID.1281–83. As for the limiting the scope of discovery on potential plaintiffs to Safety Engineers, Judge Grand noted that "broader class discovery may be sought in the future, meaning that Gray is not prejudiced by this ruling." *Id*. at PageID.1282.[1]

Plaintiff objects to the order as contrary to law insofar as it limited the scope of discovery regarding potential plaintiffs and allegedly prejudged the case on the merits. ECF No. 52.

## II.

Judge Grand's order resolved a nondispositive pretrial matter. *See Massey v. City of Ferndale*, 7 F.3d 506, 508–09 (6th Cir. 1993) (listing dispositive matters). Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

---

[1] Although Judge Grand used the term "class" in his order, as does Grey in his objections, the Court presumes that any "class" reference actually refers to discovery regarding *potential plaintiffs* in this FLSA collective action, as clarified by *Clark v. A&L Homecare and Training Center*, 68 F.4th1003 (6th Cir. 2023).

has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

"If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *Murphy v. May*, No. 1:21-CV-12089, 2023 WL 4964296, at *2 (E.D. Mich. Aug. 3, 2023) (collecting cases); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008).

### III.

Having reviewed Plaintiff's objection, the relevant orders, the relevant hearing transcript, and all the related filings in the record, the Court concludes that Judge Grand's order, ECF No. 47, is neither clearly erroneous nor contrary to law. The record, especially the transcript from the hearing on this issue, demonstrates that, in limiting discovery to Safety Engineers, Judge Grand acknowledged the importance of Gray's need for discovery regarding potential plaintiffs and weighed that importance against the relevance and proportionality requirements of Civil Rule 26. *See* ECF No. 50 at PageID.1314, 1318, 1322–23, 1335–36, 1339. Restricting discovery to employees in the same position category as Plaintiff is not clearly erroneous. *See, e.g.*, *Gifford v. Northwood Healthcare Grp, LLC*, No. 2:22-CV-4389, 2023 WL 6845198, at *1 (S.D. Ohio Oct. 17, 2023) (finding no clear error where the District Court did not allow *any* pre-notice discovery, interpreting Sixth Circuit precedent to "permit[], but [] not require, district courts to order discovery before ruling on a motion for court-authorized notice") (citing *Clark v. A&L Homecare & Training Ctr, LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023)). Further, the order allows for the possibility of broader discovery later. ECF No.47 at PageID.1282.

Gray also objected to the discussion of merits in the order. The Court agrees that conditioning additional discovery for the notice inquiry on winning a motion for summary judgment would be clear error. *See Clark*, 68 F.4th at 1009 ("the notice

determination has zero effect on the character of the underlying suit."). As directed by Civil Rule 26, a court determines the scope of discovery by considering relevance and proportionality, not the likelihood of success on the merits.

However, it is unclear from the language of Judge Grand's order that any condition on seeking broader discovery is legally operative, as opposed to mere dicta in support of the conclusion that "Gray is not prejudiced by this ruling." ECF No. 47 at PageID.1282. Given the conditional language of the order, and the fact that it addresses motions that have not yet been (and may never be) filed, the Court finds it unnecessary to disturb the order itself. However, any future order that restricts broader discovery regarding potential plaintiffs unless Gray can survive summary judgment on the merits *would* be clear error. That is not to say that defendant is unable to file a motion for summary judgment before the close of discovery; such a motion would be permissible under the Civil Rules. *Stewart v. Epitec, Inc.*, 2:22-cv-12857, 2024 WL 95676 (E.D. Mich. Jan. 9, 2024). Rather, it would be improper to *prevent* Gray from requesting further class discovery until after the filing and litigation of a dispositive motion that, at the time of entry of this opinion and order, had not yet been filed.

Moreover, in the event that the allowed discovery indicates that more discovery on a broader group of employees would be warranted, Gray would be in a good position to request that the notice motion deadline (and any applicable

discovery cutoff) be extended. *See Clark*, 68 F.4th 1003, 1012–15 (Bush, J., concurring).

Gray's objections to Judge Grand's decision to limit discovery to Safety Engineers essentially ask this Court to consider his motion *de novo*; he points to other cases to show that courts have reached different conclusions than Judge Grand's. However, it is not the Court's place to determine whether it would have entered the same order as Judge Grand's. The standard of review is clear error. Without a basis for a finding that a Magistrate Judge's order was clearly erroneous—not just that another court may have ruled otherwise—the order must not be disturbed by the District Court.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 52, is **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Grand's Order on Plaintiff's Motion to Compel Discovery, ECF No. 47, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 9/19/2024