UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA MAHONEY on behalf of
PATRICK GRAY,

        Plaintiff,

v.

WALBRIDGE ALDINGER, LLC,

        Defendant.

_____/

Case No. 2:23-cv-11672

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY TAXATION OF COSTS (ECF No. 94)

Before this Court is Plaintiff's motion to stay taxation of costs while Plaintiff[1] pursues an appeal of this Court's order granting summary judgment for Defendant Walbridge Aldinger, LLC ("Walbridge"). Because Plaintiff has not provided a bond nor shown that a stay without bond is warranted, this Court will deny the motion.

## I. BACKGROUND

In January 2026, this Court granted Walbridge's motion for summary judgment, ECF No. 81, thereby dismissing the case and entering a judgment in

---

[1] This order only uses the term "Plaintiff" because the original plaintiff in this action was Patrick Gray, but upon his death, his surviving wife, Paula Mahoney, has continued to pursue litigation on Gray's behalf. ECF Nos. 75; 76; 86.

Walbridge's favor.[2] ECF Nos. 88; 92. On February 12, 2026, Walbridge filed its Bill of Costs, seeking fees for transcripts. ECF No. 89. The next day, Plaintiff filed an appeal of this Court's Order in the Sixth Circuit. ECF Nos. 90; 91. On February 19, 2026, the Clerk's Office taxed costs in the amount of $3,572.06 against Plaintiff. ECF No. 93.

The following week, Plaintiff filed a motion to stay the taxation of costs pending the resolution of Plaintiff's appeal. ECF No. 94. Plaintiff argues that this Court should exercise its discretion and stay costs to promote judicial economy because a reversal on appeal would "moot any determination regarding the amount of costs to be awarded and in fact could ultimately result in [Plaintiff] recovering the same or similar costs against Walbridge." *Id.* at PageID.4085.

Walbridge argues the opposite, that denying the motion would promote judicial economy and avoid "piecemeal" litigation by resolving all issues at the trial level before proceeding to an appeal. ECF No. 95 at PageID.4093–94. Plaintiff reiterates in reply that not staying costs invites piecemeal litigation if Plaintiff wins on appeal and then must pursue reimbursement from Walbridge. ECF No. 96 at PageID.4097–98.

Pursuant to Local Rule 7.1(f)(2), this Court will decide the motion without a

---

[2] For a thorough recitation of the background facts and procedural history of this case, see *Mahoney on Behalf of Gray v. Walbridge Aldinger, LLC*, No. 2:23-cv-11672, 2026 WL 114923, at *1–3 (E.D. Mich. Jan. 15, 2026).

hearing. E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

"District courts have the discretion to award certain taxable costs to the 'prevailing party' at the conclusion of litigation." *Victor v. Advanced Corr. Healthcare, Inc.*, No. 1:20-cv-13218, 2025 WL 1088810, at *1 (E.D. Mich. Apr. 11, 2025) (citing FED. R. CIV. P. 54(d)(1)). "A judge or clerk of any court of the United States may tax as costs …[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2); *see also* FED. R. CIV. P. 54(d)(1).

Under Civil Rule 54, "the court may review the" taxation of costs upon a motion by a party. FED. R. CIV. P. 54(d)(1). "Once the Court has ruled on the motion filed by any party, and the matter of costs has been determined, those costs are included in the judgment and should be paid directly to the prevailing party." *Bill of Costs Handbook*, E.D. MICH., § I.B. (Nov. 2013); *see* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.").

According to the Eastern District of Michigan's *Bill of Costs Handbook*, costs will be taxed "even if the case is appealed, unless a stay pending appeal has been granted by the Court." *Bill of Costs Handbook*, E.D. MICH., § I.B. (Nov. 2013).

In this case, Plaintiff did not cite a specific rule under which Plaintiff seeks to stay the taxation of costs—that is, a monetary judgment, *see id.*—but where "the judgment sought to be stayed is monetary, the analysis must begin with Fed. R. Civ. P. 62[]."[3] *Chang Lim v. Terumo Corp.*, No. 11-cv-12983, 2014 WL 2051219, at *1 (E.D. Mich. May 19, 2014). Under Civil Rule 62, a party may obtain a stay by right or in the court's discretion.[4] *See Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

Under Civil Rule 62(a) and (b), a party may receive an automatic stay beyond 30 days upon the court's approval of the party's "provi[sion of] a bond or other security." FED. R. CIV. P. 62(a)–(b); *see Arban*, 345 F.3d at 409 ("Rule 62[] entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."); *see also Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) ("A stay of a judgment usually requires a bond."). "These bonds are often

---

[3] In 2018, Civil Rule 62 was reorganized wherein subsection (d) about automatic stays and supersedeas bonds became subsections (a) and (b). *See* FED. R. CIV. P. 62 Advisory Committee Notes (2018) (noting that "[s]ubdivisions (a), (b), (c), and (d) of former Rule 62 are reorganized"). Accordingly, the pre-2018 cases cited in this opinion that refer to Civil Rule 62(d) have been modified with brackets solely to avoid confusion.

[4] A party may also seek a stay of taxation of costs through Appellate Rule 8, ordinarily after seeking a stay in the district court. FED. R. APP. P. 8(a)(1). If the party shows that moving for a stay "in the district court would be impracticable" or that the district court denied the motion—"or failed to afford the relief requested and state any reasons" for doing so—then the party may seek a stay from the appellate court. FED. R. APP. P. 8(a)(2).

called supersedeas bonds…[which function as] a contract by which a surety obligates itself to pay a final judgment rendered against its principal under the conditions stated in the bond." *City of San Antonio, Tex. v. Hotels.com, L. P.*, 593 U.S. 330, 333–34 (2021) (internal quotation marks and citations omitted). "The reason supersedeas bonds generally are required is to level the balance of interests between a successful plaintiff and a defendant challenging the result in the lower court." *Pucci*, 834 F. Supp. 2d at 706. In this sense, Civil Rule 62 serves a dual role of "preserv[ing] the status quo while also protecting the appellee's rights." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

However, "th[is] Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban*, 345 F.3d at 409. Courts maintain discretion to reduce or substitute a bond, or to dispose of the requirement altogether—though "only in extraordinary circumstances." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 2908616, at *1 (E.D. Mich. Oct. 1, 2010); *see Gray v. AutoZoners LLC*, No. 20-CV-12261, 2022 WL 1138018, at *1 (E.D. Mich. Apr. 18, 2022); *see also Stevenson v. Rayloc*, 114 F. App'x 167, 170 – 71 (6th Cir. 2004) (affirming that district courts have discretion over the taxing of costs with pending appeals because Civil Rule 54 "contains no timetable governing the taxation of costs").

Circumstances are "extraordinary" where the non-prevailing party's inability to pay is "so obvious that posting a bond would simply be a waste of money," or the bond would put the party's "other creditors in undue jeopardy." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998); *see also Arban*, 345 F.3d at 409 (affirming the district court's decision to grant the defendant's motion for a stay without a bond "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of the group which [the defendant] is a part").

### III. DISCUSSION

In Plaintiff's two-page motion, Plaintiff seeks a stay of the taxation of costs pending resolution on appeal. ECF No. 94. The entirety of the motion's argument is provided as follows:

> Fed. R. Civ. P. 54(d) provides for an award of costs to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." While the taxation of costs is not automatically stayed by an appeal, a court "may defer its ruling" until after the appeal has been resolved. Fed. R. Civ. P. 54, advisory cmt. n. 1993 amend. The Eastern District of Michigan's Bills of Costs Handbook contemplates this relief, stating that "the taxation clerk will tax costs even if the case is appealed, unless a **stay pending appeal** has been granted by the Court." Bill of Costs Handbook § I.B (E.D. Mich. Nov. 2013). [Plaintiff's] motion is therefore the proper vehicle to halt taxation pending appeal. Moreover, a reversal of the Court's judgment will moot any determination regarding the amount of costs to be awarded, and in fact could ultimately result in [Plaintiff] recovering the same or similar costs against Walbridge, precisely the type of outcome that warrants deferral. *See MacDonald v. United Percel Serv.*, No. 07-12022, 2010 WL 12[54]607, at *3 (E.D. Mich. Mar. 26, 2010) (staying execution of costs pending appeal). Thus, deferral until after appeal promotes judicial economy.

- 6 -

*Id.* at PageID.4084–85 (emphasis in original).

Because Plaintiff makes no reference to providing a bond or security, this Court cannot find that Plaintiff is entitled to an automatic stay upon this motion. FED. R. CIV. P. 62(a)–(b). Instead, Plaintiff appears to be appealing to this Court's discretionary authority to enter a stay *without* bond. *See Arban*, 345 F.3d at 409; *see also Gray*, 2022 WL 1138018, at *1. But Plaintiff has not articulated any extraordinary circumstances[5] that would permit this Court to stay taxation of costs without a bond. *See Hamlin*, 181 F.R.D. at 353; *see also Arban*, 345 F.3d at 409. If Plaintiff's potential win on appeal and possible recovery of similar costs against Walbridge is considered "extraordinary circumstances," the exception will have swallowed the rule.

In fact, "district courts throughout this Circuit have routinely rejected the argument that taxation of costs should await the conclusion of an appeal." *Newson*

---

[5] Plaintiff alludes to a financial disparity between the Parties in Plaintiff's reply brief. ECF No. 96 at PageID.4100–01. But Plaintiff does not explicitly argue that she is financially unable to pay the taxed costs, nor does she relate this as an extraordinary circumstance. And even if Plaintiff had, a party "cannot cure [a motion's] defects in a reply brief [because a] reply brief is not a substitute for a properly supported motion." *Bank of the Ozarks v. Perfect Health Skin & Body Ctr. PLLC*, No. 1:18-cv-11870, 2019 WL 2513299, at *2 (E.D. Mich. June 18, 2019); *see also Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 443 (6th Cir. 2022); *Clark v. Shop24 Global, LLC*, 77 F. Supp. 3d 660, 677 n.6 (S.D. Ohio 2015) ("A movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the nonmoving party of its opportunity to address the new arguments.") (internal quotation marks and citation omitted).

*v. NYX, LLC*., No. 5:23-CV-13267, 2025 WL 3516858, at *3 (E.D. Mich. Dec. 8, 2025) (quoting *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013)) (collecting cases); *see also Victor*, 2025 WL 1088810, at *2. "While there is always a possibility that the Court of Appeals may disagree with the District Court's judgment, it is in the interest of judicial economy to resolve all of the remaining issues in this case at this time," including taxation of costs. *Victor*, 2025 WL 1088810, at *2 (quoting *Epcon Gas Sys. v. Bauer Compressors, Inc.*, No. CIV.A. 98-CV-75392, 2001 WL 363933, at *1 (E.D. Mich. Mar. 28, 2001)). Therefore, Plaintiff's motion to stay taxation of costs pending appeal will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Stay Taxation of Costs, ECF No. 94, is **DENIED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 16, 2026

- 8 -